IN THE FRANKLIN COUNTY COURT OF COMMON PLEAS
CIVIL DIVISION

| | |
|---|---|
| RONALD FITHEN<br>172 Dogwood Drive<br>Thornville, Ohio 43076<br><br>And<br><br>BETH FITHEN<br>172 Dogwood Drive<br>Thornville, Ohio 43076<br><br>    Plaintiff,<br><br>v.<br><br>THE CITY OF GAHANNA<br>200 South Hamilton Road<br>Gahanna, Ohio 43230<br><br>And<br><br>THE GAHANNA POLICE<br>DEPARTMENT<br>460 Rocky Fork Blvd.<br>Gahanna, Ohio 43230<br><br>And<br><br>CHIEF DENNIS MURPHY<br>c/o GAHANNA POLICE DEPT.<br>460 Rocky Fork Blvd.<br>Gahanna, Ohio 43230<br><br>And | CASE NO: 09 CVH 08 11677<br>JUDGE:<br><br><br><br><br><br><br><br><br>**VERIFIED COMPLAINT** |

FILED
COMMON PLEAS COURT
FRANKLIN CO. OHIO
2009 AUG -4 PM 3:15
CLERK OF COURTS

A

1

```
DEPUTY CHIEF KENNETH      )
BELL                      )
c/o GAHANNA POLICE DEPT.  )
460 Rocky Fork Blvd.      )
Gahanna, Ohio 43230       )
                          )
    Defendants.           )
```

Now come Ronald Fithen ("Plaintiff") and Beth Fithen ("Plaintiff"), by and through their undersigned counsel, and for theifr verified complaint, states as follows:

## RELEVANT FACTUAL BACKGROUND

1. Plaintiff has an open workers' compensation claim(s) naming Defendants City of Gahanna and Gahanna Police Department as the employer.

2. Plaintiff is an active member of the Ohio Army National Guard.

3. Plaintiff is a full time police officer with the Gahanna Police Department, working third shift and as such, is a "Sworn officer of the Division of Police."

4. Defendant City of Gahanna pays Plaintiff his wages.

5. Defendants City of Gahanna, The Gahanna Police Department, Chief Dennis Murphy, and Deputy Chief Kenneth Bell are state actors.

6. Defendant Chief Dennis Murphy is the acting chief of the Gahanna Police Department.

7. Defendant Deputy Chief Kenneth Bell is the acting deputy chief of the Gahanna Police Department.

8. Plaintiff typically is ordered by the Army National Guard to "drill" with the Army National Guard on weekends, following Plaintiff working third shifts on Friday night/early Saturday morning.

9. Plaintiff has received numerous accommodations from Defendant Gahanna Police Department including, but not limited to, certificates for "Exceptional Duty;" "Soldier Citizen Award;" and "Dedication to Duty."

10. Plaintiff is a member of the Fraternal Order of Police, Capital City Lodge No. 9 ("the Lodge").

11. The Lodge and its members are covered by a collective bargaining agreement ("the CBA"), currently in affect until December 31, 2009.

12. Under the Article 25.4.A of the CBA, "Sworn officers of the Division of Police who are members of the Ohio National Guard...shall be granted military leave of absence with pay when ordered to temporary active duty or when ordered to military training exercises[.]"

13. In July, 2009, Defendants refused to provide Plaintiff with paid leave in order to drill with the Army National Guard.

14. In August, 2009, Defendants refused to provide Plaintiff with paid leave in order to drill with the Army National Guard.

15. In September, 2009, Defendants refused to provide Plaintiff with paid leave in order to drill with the Army National Guard.

16. In October, 2009, Defendants refused to provide Plaintiff with paid leave in order to drill with the Army National Guard.

17. In November, 2009, Defendants refused to provide Plaintiff with paid leave in order to drill with the Army National Guard.

18. In December, 2009, Defendants refused to provide Plaintiff with paid leave in order to drill with the Army National Guard.

19. In or about February, 2008, Defendants removed Plaintiff from the detective bureau without just cause, or for *any* viable reason for that matter, causing Plaintiff to lose monies.

20. Commencing in or around April, 2008, Defendants began a detailed and invasive, non-criminal investigation of Plaintiff and Plaintiff's entire family. This sham investigation suspiciously commenced shortly after Plaintiff's wife posed for Playboy magazine. The investigation did not result in a single criminal charge and caused Plaintiff and his family extreme emotional distress and embarrassment.

21. Upon information and belief, Defendant Deputy Chief Kenneth Bell has published to member(s) of the Army National Guard that Plaintiff is "incompetent," "dishonest," and that Plaintiff will "soon be terminated" from his employ with Defendant Gahanna Police Department. The information that Defendant Deputy Chief Kenneth Bell published was false and outrageous, and made with actual malice.

22. Plaintiff left work temporarily in or around May, 2008 for FMLA leave from Defendant Gahanna Police Department because of an illness. During the time he was off, upon information and belief, Defendant Deputy Chief Kenneth Bell directed one or more of his agents to maliciously telephone Plaintiff some three times per day to inquire into whether Plaintiff would return to work. These telephone conversations caused Plaintiff and his family extreme emotional distress and embarrassment.

## JURISDICTION AND VENUE

23. Plaintiff restates the allegations contained in paragraphs 1-22 as if fully incorporated herein by reference.

24. Defendants are all state actors, acting under color of Ohio state law.

25. Plaintiff is, and at all times relevant herein was, an employee in the County of Franklin, State of Ohio.

26. 38 U.S.C. § 4323(a)(2) states: "A person may commence an action for relief with respect to a complaint against a State (as an employer) or a private employer if the person (A) has chosen not to apply to the Secretary for assistance under section 4322(a) of this title; (B) has chosen not to request that the Secretary refer the complaint to the Attorney General under paragraph (1); or (C) has been refused representation by the Attorney General with respect to the complaint under such paragraph.

27. 38 U.S.C. § 4323(C)(b)(2) states: "JURISDICTION – (2) In the case of an action against a State (as an employer) by a person, the action may be brought in a State court of competent jurisdiction in accordance with the laws of the State."

28. Further, Plaintiff brings state law claims under, including but not limited to: R.C. §§ 4112.02; 4123.90; and 2921.52 rendering jurisdiction proper with this Court.

29. Venue is proper with this Court because: Plaintiff signed a contract of employment in Franklin County; Plaintiff carried out his contract for employment in Franklin County; and Defendants all reside and/or conduct business in Franklin County.

### Count I: Violation of R.C. § 4123.90

30. Plaintiff restates the allegations contained in paragraphs 1-29 as if fully incorporated herein by reference.

31. Plaintiff provided requisite notice to Defendants the Gahanna Police Department; Chief Dennis Murphy; and Deputy Chief Kenneth Bell that he intended to file suit under this section of the Ohio Revised Code on August 4, 2009, prior to the filing of this complaint. (Copy of Notice Letter attached hereto as Exhibit "A").

32. Plaintiff has filed numerous workers' compensation claims naming Defendants City of Gahanna and Gahanna Police Department as his employer.

33. Plaintiff's workers' compensation claims have been assigned claim numbers 08-331211; 04-389973; 00-353273; and 97-401084.

34. As a direct and proximate result of Plaintiff's workers' compensation filing, from July to December, 2009, Defendants have refused to provide Plaintiff with paid leave to participate in required military training exercises in his capacity as a member of the Army National Guard.

35. At one point in time, Defendant Deputy Chief Kenneth Bell referred to Plaintiff's anticipated neck surgery as "the S word," in a derogatory fashion, causing Plaintiff to believe he would be terminated if he were to undergo the surgery he needed for his neck.

36. In addition, as a direct and proximate result of Plaintiff's workers' compensation filing, Defendants removed Plaintiff from the detective bureau.

6

37. Plaintiff has instituted the instant action with 180 days of the above punitive action being taken against him.

38. As a direct and proximate result of Defendants' actions herein, Plaintiff has been damaged in an amount in excess of $25,000.00.

### Count II: Violation of USERRA

39. Plaintiff restates the allegations contained in paragraphs 1-38 as if fully incorporated herein by reference.

40. Pursuant to Article 25, Section 25.4 of the CBA, Plaintiff has on numerous occasions requested from Defendants that he be granted paid military leave.

41. Defendants have refused to honor Plaintiff's request(s).

42. Pursuant to 38 U.S.C. § 1002.74(a), if an employee performs a full overnight shift for his employer and travels directly from the work site to perform a full day of uniformed service, the employee is not considered fit to perform the uniformed service. An absence from that work shift is necessitated so that the employee can report for uniformed service fit for duty.

43. Plaintiff fulfilled his duty under 38 U.S.C. § 1002.87 by providing Defendants with notice of his intent to exercise his right to receive paid leave to drill with the Army National Guard.

44. Plaintiff has made attempts to resolve this issue with Defendants by formally asserting his rights under the USERRA to Lt. Daniel Williams. Plaintiff also instructed one of his union representatives to assert Plaintiff's rights under the USERRA and Defendant Deputy Chief Kenneth Bell stated Defendants would not be changing their position in refusing to grant Plaintiff paid leave.

45. Plaintiff placed Defendants Gahanna Police Department, Chief Dennis Murphy, and Deputy Chief Kenneth Bell on notice of their violation of the USERRA by letter, through undersigned counsel, on July 31, 2009. (See notice letter, attached hereto as Exhibit "B").

46. The USERRA expressly forbids Defendants from denying Plaintiff any benefit of employment as a result of Plaintiff asserting his rights under the USERRA.

47. Defendants have expressly denied Plaintiff benefits of his employment by denying him his rights under the USERRA.

48. As a direct and proximate result of Defendants' actions herein, Plaintiff has been damaged in an amount in excess of $25,000.00.

### Count III: Violation of R.C. § 4112.02 (Unlawful Discrimination)

49. Plaintiff restates the allegations contained in paragraphs 1-48 as if fully reincorporated herein by reference.

50. Plaintiff, as a member of the United States armed forces, is a protected class under the Americans With Disabilities Act which has been extended to Ohio under R.C. § 4112.02.

51. Defendants have participated in unlawful discriminatory practices against Plaintiff by refusing to honor Plaintiff's rights under the USERRA, among other things.

52. Plaintiff expressly notified Defendants of their discriminatory practices on July 31, 2009. (See Exhibit "B").

53. Defendants have discriminated against Plaintiff with respect to, among other things, his tenure, terms, conditions, and privileges of employment.

54. As a direct and proximate result of Defendants' actions herein, Plaintiff has been damaged in an amount in excess of $25,000.00.

**Count IV: Violation of R.C. § 2921.52 (Sham Legal Process)**

55. Plaintiff restates the allegations contained in paragraphs 1-54 as if fully incorporated herein by reference.

56. Plaintiff's wife posed for a pictorial in Playboy Magazine in or about January, 2008.

57. Defendant Deputy Chief Kenneth Bell repeatedly requested (some three times) that Plaintiff Ronald Fithen provide him with a copy of the Playboy issue that Plaintiff Beth Fithen posed in. Believing that he would be retaliated against if he did not provide the Playboy issue in question to Defendant Deputy Chief Kenneth Bell, and feeling pressured to do so, Plaintiff Ronald Fithen relented and provided Defendant Deputy Chief Kenneth Bell with a copy of said Playboy magazine. Plaintiff Beth Fithen personally autographed the issue.

58. Defendant Deputy Chief Kenneth Bell requested Plaintiff Ronald Fithen to have his wife, Plaintiff Beth Fithen autograph the Playboy magazine. Beth Fithen, under direction of Defendant Deputy Chief Kenneth Bell, through her husband, Plaintiff Ronald Fithen, personally directed the autograph to Defendant Deputy Chief Kenneth Bell.

59. Soon thereafter, Defendants engaged in a sham investigation alleging that Plaintiff and/or his family engaged in a theft offense.

60. Prior to any formal complaint or allegation being filed, Defendants purported to do the following: subpoena many of Plaintiff and Plaintiff's family's banking records, in violation of R.C. § 2921.52(b)(i).

61. Prior to any formal complaint or allegation being filed, Defendants design was to make Plaintiff and Plaintiff's banking institutions believe the aforementioned subpoenas were lawfully issued.

62. Any person liable under this statute is liable in a civil action to any person or persons harmed by the violation for injury, death, or loss to person or property incurred as a result of the commission of the offense and for reasonable attorney's fees, court costs, and other expenses incurred as a result of prosecuting the civil action commenced under R.C. § 2921.52. (R.C. § 2921.52(E)).

63. As a direct and proximate result of Defendants' actions herein, Plaintiff has been damaged in an amount in excess of $25,000.00.

## Count V: Defamation

64. Plaintiff restates the allegations contained in paragraphs 1-63 as if fully reincorporated herein by reference.

65. In or around July, 2009, Defendant Deputy Chief Kenneth Bell published certain information about Plaintiff to a third party, specifically, a ranking member of the Army National Guard.

66. Defendant Deputy Chief Kenneth Bell's publication was a false statement of fact.

67. Defendant Deputy Chief Kenneth Bell's publication was being of and concerning Plaintiff; and tended to harm Plaintiff's reputation. Deputy Chief Kenneth Bell's publication was made with actual malice and with intent to cause injurious harm to Plaintiff.

68. As a direct and proximate result of Defendants' actions herein, Plaintiff has been harmed in an amount in excess of $25,000.00.

### Count VI: Constructive Discharge

69. Plaintiff restates the allegations contained in paragraphs 1-68 as if fully incorporated herein by reference.

70. Upon information and belief, Defendant Deputy Chief Kenneth Bell has contacted a representative of the Army National Guard and stated that Plaintiff is incompetent and dishonest. This Defendant has also indicated that Defendants will soon terminate Plaintiff from its employ. As a result of Defendants' actions, as of the date of the filing of this complaint, the Army National Guard has scheduled Plaintiff for a discharge hearing.

71. Defendants recently changed Plaintiff's working condition(s) such that resignation is Plaintiff's only plausible alternative.

72. Defendants have created a humiliating and intolerable working environment for Plaintiff.

73. Defendants' actions are so extraordinary and intolerable that it would cause any reasonable employee to quit under the same or similar circumstances.

74. Defendants intentionally caused these actions to occur even though it was predictable that it would compel any reasonable employee to quit regardless of whether Defendants specifically attempted to compel Plaintiff to quit.

75. As a direct and proximate result of Defendants' actions herein, Plaintiff has suffered damages in excess of $25,000.00.

### Count VII: Violation of 29 C.F.R. § 825.309

76. Plaintiff restates the allegations contained in paragraphs 1-75 as if fully incorporated herein by reference.

77. In or about May, 2008, due to intense, debilitating, and unwarranted work stressors, Plaintiff's physician placed Plaintiff on FMLA.

78. Pursuant to 29 C.F.R. § 825.309(a), "An employer may require an employee on FMLA leave to report periodically on the employee's status and intent to return to work." The legal definition of "periodically" under this section of the Code of Federal Regulations is "in a sporadic manner."

79. Defendants did not contact Plaintiff "sporadically." Instead, Defendants telephoned Plaintiff an average of three times per day to inquire into his health status and generally to harass Plaintiff.

80. Defendants' incessant telephone calls to Plaintiff's home caused Plaintiff, Plaintiff's wife, and Plaintiff's family extreme emotional distress.

81. As a direct and proximate result of Defendants' actions herein, Plaintiff has been damaged in an amount in excess of $25,000.00.

### Count VIII: Loss of Consortium

**WHEREFORE**, having fully pled, Plaintiff demands judgment against the Defendants as follows:

    A.    Compensatory damages in excess of $500,000.00;

    B.    Special damages in excess of $1,000,000.00;

    C.    Punitive damages in excess of $2,000,000.00;

    D.    Reasonable attorney's fees for the necessity of prosecuting this action; and

    E.    Any other relief this Court deems proper under the circumstances.

Respectfully submitted,

JOHN SHERROD (0078598)
673 S Mohawk St., Ste. 100
Columbus, Ohio 43206
614.358.6525
614.448.4487 fax
john@ss-lawyers.net

*Attorney for Plaintiffs*

### Jury Demand

Plaintiffs demand a trial by jury.

John Sherrod

## Verification

I, Ronald Fithen, after being duly cautioned and sworn, verify that the allegations contained in the foregoing complaint and true and accurate to the best of my recollection.

_____
Ronald Fithen

State of Ohio           )
                        ) SS
County of Franklin      )

Before me, a notary public, personally appeared Ronald Fithen who acknowledged and subscribed his name hereto on this 3 day of August, 2009.

H. JOHN SHERROD
Attorney at Law
Notary Public, State of Ohio
My Commission Has No Expiration
Section 147.03 R.C.

_____
NOTARY PUBLIC

I, Beth Fithen, after being duly cautioned and sworn, verify that the allegations contained in the foregoing complaint and true and accurate to the best of my recollection.

_____
Beth Fithen

State of Ohio           )
                        ) SS
County of Franklin      )

Before me, a notary public, personally appeared Beth Fithen who acknowledged and subscribed her name hereto on this 3 day of August, 2009.

_____
NOTARY PUBLIC

H. JOHN
Attorn...
Notary Pub...
My Commiss...
Sect...

15