IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


RONALD FITHEN, *et al.*,

          Plaintiffs,

    vs.                              Civil Action 2:09-CV-777
                                              Judge Watson
                                              Magistrate Judge King

CITY OF GAHANNA, OHIO,
*et al.*,

          Defendants.


## REPORT AND RECOMMENDATION

Plaintiff Ronald Fithen, a police officer for the defendant city, filed this action in state court alleging a violation of his rights under USERRA, 38 U.S.C. §§ 4301 – 4333, and the FMLA, 29 U.S.C. §2601 *et seq.* This plaintiff also asserts claims under state law. Plaintiff Beth Fithen asserts claims of loss of consortium and infliction of emotional distress. *Verified Complaint*, Doc. No. 3; *First Amended Complaint*, Doc. No. 4. Defendants removed the action to this Court as an action arising under federal law. *Notice of Removal*, Doc. No. 1. This matter is now before the Court on plaintiffs' *Motion to Remand,* Doc. No. 8.

In their *Motion to Remand*, plaintiffs concede that two of the nine claims asserted in the action are based on federal law. *Motion to Remand*, p.3. However, plaintiffs argue that, in light of the fact that seven claims are based on state law, this Court should decline to exercise supplemental jurisdiction over plaintiffs' supplemental state law claims and remand the entire matter to state court. *Id.* Plaintiffs also seek an award of attorney's fees incurred in conjunction with their motion to remand.

Federal law expressly authorizes the removal to federal court of any state court action "of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States. ..." 28 U.S.C. §1441(b). Because plaintiffs' *Verified Complaint* and *First Amended Complaint* expressly assert claims under federal law, removal of this action was entirely proper. Moreover, because plaintiffs' state law claims "are so related to" plaintiffs' federal claims "that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. §1367(a), this Court may properly exercise jurisdiction over those state law claims as well. This action having been properly removed, there is no authority for a discretionary remand of the federal claims asserted in this action to state court.

It is therefore **RECOMMENDED** that plaintiffs' *Motion to Remand*, Doc. No. 8, be **DENIED.**

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within ten (10) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision

of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


October 16, 2009                                      s/Norah McCann King
                                                 Norah M<sup>c</sup>Cann King
                                          United States Magistrate Judge